IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHRISTOPHER MALDONADO, | : | |
|     Plaintiff, | : | |
| | : | |
|     v. | : | CIVIL ACTION NO. 23-CV-4446 |
| | : | |
| SGT. JODI WENDLING, *et al.*, | : | |
|     Defendants. | : | |

<u>MEMORANDUM OPINION</u>

GOLDBERG, J.                                                                                                    July 23, 2024

Pro se Plaintiff Christopher Maldonado, an inmate currently confined at SCI-Somerset, commenced this civil action alleging violations of his constitutional rights when Defendants failed to protect him from violence by another inmate. Currently before me are: (1) the Motion to Dismiss Plaintiff's Amended Complaint filed by Defendants Sergeant Jodi Wendling and Sergeant Byron Germer (ECF No. 22) (the "Motion"); (2) Maldonado's response in opposition (ECF No. 26); and (3) Defendants' reply thereto (ECF No. 28).[1] As set forth more fully below, Defendants' Motion will be granted and Maldonado will be given an opportunity to file a Second Amended Complaint.

I.      **PROCEDURAL HISTORY**

Maldonado initiated this civil action on November 6, 2023, while he was housed at Lancaster County Prison ("LCP"). (<u>See</u> ECF No. 1, 2.) He claimed that his constitutional rights were violated by Sergeants Wendling and Germer when he reported to them that LCP inmates were plotting to harm him, but Defendants disregarded this risk to his safety because Maldonado

---

[1] Maldonado submitted an additional document for filing that was entered on the docket on June 20, 2024, as a motion. (<u>See</u> ECF No. 29.) Although it is titled a "Motion", I construe this filing as an additional response to the Motion to Dismiss. The Clerk of Court will be directed to terminate ECF No. 29 as a motion.

did not know who would attack him or when the attack would occur. (See ECF No. 2 at 4-5.)[2] According to Maldonado, he was denied protective custody and administrative custody. (Id. at 5.) Maldonado claimed that he was attacked in his cell by inmate Ziair Collymore on October 30, 2023, and suffered concussion, as well as a laceration on his head that required stiches. (Id.)

After I granted Maldonado in forma pauperis status and directed service of the initial Complaint, (see ECF No. 8), Defendants Wendling and Germer waived service and filed a motion to dismiss the Complaint pursuant to Rule 12(b)(6), (see ECF Nos. 12, 13, 15). I ordered Maldonado to file a response to the pending motion. (ECF No. 17.) Maldonado filed a response and also filed a motion for leave to amend the Complaint. (ECF Nos. 17, 18.) By Order dated March 7, 2024, I granted Maldonado's motion for leave to file an amended complaint. (ECF No. 19.) He subsequently filed two motions for appointment of counsel, as well as an Amended Complaint. (ECF Nos. 20, 21, 24.)[3] Defendants' motion to dismiss the Amended Complaint followed. (ECF No. 22.)

## II.     FACTUAL ALLEGATIONS

Taking the allegations in the Amended Complaint as true, the relevant facts are as follows. Maldonado asserts that while he was housed on the G-2 Restricted Housing Unit at LCP as a pretrial detainee, Defendants Wendling and Germer failed to protect him from a physical assault by another inmate. (Am. Compl. at 3-4.) Maldonado claims that "on or about October 30, 2023 [he] asked to speak to someone of fear of being attacked." (Id. at 4.) He alleges that he spoke to Defendants Wendling and Germer because they were the Sergeants on duty at that time at LCP.

---

[2]     Page numbers refer to the sequential pagination supplied by the CM/ECF docketing system.
[3]     Maldonado's motions for appointment of counsel were denied without prejudice to his right to renew his motion should the case proceed to the discovery stage, or to the Court's right to appoint counsel sua sponte if circumstances warrant it at a future date. (See ECF No. 25.)

(Id.) According to Maldonado, Wendling and Germer recorded the conversation when he spoke to them "on the G-2 RHU High Profile holding area." (Id. at 4, 8.) Maldonado claims that "since I had previous law suits against the jail already . . . I was ignored denied safety." (Id. at 4.) According to Maldonado, Ziaire Collymore entered Maldonado's cell during the second shift of October 30, 2023 and assaulted him. (Id. at 4-5.) He claims that he was punched in his right eye and repeatedly kicked by Collymore; no one else was involved in the incident. (Id. at 5.) Maldonado contends that he did not invite Collymore to fight and did not let Collymore into his cell. (Id.) As alleged, Collymore "chose to on his own enter [Maldonado's] cell on that day over words." (Id.) Maldonado suffered a concussion, a laceration over his eye that required stiches, as well as a black, swollen eye. (Id.)

Maldonado did not file a grievance "because [he] thought that if [he] told Sgts. that it would have been addressed appropriately." (Id. at 7.) He further avers that he "went straight to higher up for help by letting them know on [his] digital tablet and it is on record of [Maldonado] doing so." (Id. at 8.) Maldonado seeks damages for his claims. (Id. at 6.)

## III.   STANDARD OF REVIEW

"A 12(b)(6) motion tests the sufficiency of the allegations contained in the complaint." Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993). In deciding a motion to dismiss under Rule 12(b)(6), the Court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). "Threadbare recitals of the elements of a cause of action, supported by mere

3

conclusory statements, do not suffice." <u>Id.</u> (citing <u>Twombly</u>, 550 U.S. at 555.) "Although the plausibility standard does not impose a probability requirement, it does require a pleading to show more than a sheer possibility that a defendant has acted unlawfully." <u>Connelly v. Lane Const. Corp.</u>, 809 F.3d 780, 786 (3d Cir. 2016) (internal quotation marks and citations omitted). It is the defendants' burden to show that a complaint fails to state a claim. <u>See</u> <u>Hedges v. United States</u>, 404 F.3d 744, 750 (3d Cir. 2005) (explaining that on a Rule 12(b)(6) motion to dismiss, the "defendant bears the burden of showing that no claim has been presented").

In resolving a Rule 12(b)(6) motion, "a court must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." <u>Mayer v. Belichick</u>, 605 F.3d 223, 230 (3d Cir. 2010). To determine whether a complaint filed by a pro se litigant states a claim, a court must accept the facts alleged as true, draw all reasonable inferences in favor of the plaintiff, and "ask only whether that complaint, liberally construed contains facts sufficient to state a plausible . . . claim." <u>Shorter v. United States</u>, 12 F.4th 366, 374 (3d Cir. 2021) (cleaned up); <u>see also</u> <u>Vogt v. Wetzel</u>, 8 F.4th 182, 185 (3d Cir. 2021) (pro se filings are construed liberally).

## IV.   DISCUSSION

I understand Maldonado primarily to claim, pursuant to 42 U.S.C. § 1983, that Defendants violated his constitutional rights by failing to protect him from violence by another inmate. (<u>See</u> Am. Compl. at 3-5.) Maldonado also makes a passing reference, without further development, to "gross negligence," and checked the box on the form complaint to indicate that he brought his claims against Defendants in their individual and official capacities. (<u>See</u> <u>id.</u> at 2-3.) Defendants

moved to dismiss Maldonado's claims pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 22 at 2.)[4]

### A.      Failure to Protect

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988). Because Maldonado was a pretrial detainee when the underlying incidents occurred, his claims are governed by the Due Process Clause of the Fourteenth Amendment. Hubbard v. Taylor, 399 F.3d 150, 165-66 (3d Cir. 2005) (holding that the Due Process Clause of the Fourteenth Amendment governs claims brought by pretrial detainees). The rights afforded pretrial detainees under the Due Process Clause are at least as great as those afforded by the Eighth Amendment. See Simmons v. City of Philadelphia, 947 F.2d 1042, 1067 (3d Cir. 1991). Therefore, courts analyzing cases by

---

[4]      It is possible that Maldonado seeks to present a First Amendment retaliation claim based on his allegation that "since I had previous law suits against the jail already . . . I was ignored denied safety." (Id. at 4.) To the extent that Maldonado seeks to present a First Amendment retaliation claim, his allegations are far too undeveloped as pled. To state a plausible First Amendment retaliation claim, a prisoner must allege that: (1) he engaged in constitutionally protected conduct; (2) he suffered an adverse action sufficient to deter a person of ordinary firmness from exercising his constitutional rights; and (3) the constitutionally protected conduct was "a substantial or motivating factor" for the adverse action. Rauser v. Horn, 241 F.3d 330, 333 (3d Cir. 2001); Coit v. Garman, 812 F. App'x 83, 86 (3d Cir. 2020) (per curiam). A prisoner's filing of a grievance or lawsuit constitutes constitutionally protected conduct. Watson v. Rozum, 834 F.3d 417, 422 (3d Cir. 2016); Mitchell v. Horn, 318 F.3d 523, 530 (3d Cir. 2003). "An adverse consequence 'need not be great in order to be actionable[;]' rather, it need only be 'more than de minimis.'" Watson, 834 F.3d at 423 (quoting McKee v. Hart, 436 F.3d 165, 170 (3d Cir. 2006)) (alterations in original). "To establish the requisite causal connection a plaintiff usually must prove either (1) an unusually suggestive temporal proximity between the protected activity and the allegedly retaliatory action, or (2) a pattern of antagonism coupled with timing to establish a causal link." Ruttle v. Brady, No. 22-3000, 2023 WL 5554648, at *2 (3d Cir. Aug. 29, 2023) (quoting Lauren W. ex rel. Jean W. v. DeFlaminis, 480 F.3d 259, 267 (3d Cir. 2007)).

pretrial detainees apply the same standard of deliberate indifference applied to the Eighth Amendment cases. Id.

Prison officials have a duty "'to protect prisoners from violence at the hands of other prisoners.'" Hamilton v. Leavy, 117 F.3d 742, 746 (3d Cir. 1997) (quoting Farmer v. Brennan, 511 U.S. 825, 833 (1994)). "Being violently assaulted in prison is simply 'not part of the penalty that criminal offenders pay for their offenses against society.'" Farmer, 511 U.S. at 834 (quoting Rhodes v. Chapman, 452 U.S. 337, 347 (1981)). However, not "every injury suffered by one prisoner at the hands of another . . . translates into constitutional liability for prison officials responsible for the victim's safety." Id.

To state a plausible failure to protect claim, Maldonado must allege that the conditions in which he was incarcerated posed a substantial risk of serious harm, that prison officials acted with deliberate indifference to that substantial risk of serious harm, and that the officials' deliberate indifference caused harm. See id.; Hamilton, 117 F.3d at 746; Bistrian v. Levi, 696 F.3d 352, 367 (3d Cir. 2012), abrogated on other grounds as recognized in Mack v. Yost, 968 F.3d 311, 319 n.7 (3d Cir. 2020); see also Burton v. Kindle, 401 F. App'x 635, 638 (3d Cir. 2010) (per curiam) (applying deliberate indifference standard to failure to protect claim asserted by pretrial detainee). Deliberate indifference is a subjective standard. Beers-Capitol v. Whetzel, 256 F.3d 120, 125 (3d Cir. 2001). For his claim to be actionable, Maldonado must allege that the prison officials "knew or were aware of and disregarded an excessive risk to [his] health or safety." Id. at 135. "[I]t is not sufficient that the official should have been aware" of the excessive risk. Id. at 125.[5]

---

[5]     Ordinary negligence is insufficient to allege an Eighth Amendment violation. See Whitley v. Albers, 475 U.S. 312, 319 (1986); Davis v. Superintendent Somerset SCI, 597 F. App'x 42, 46 (3d Cir. 2015) (per curiam) (holding that allegations did "not state a claim of a constitutional violation under the Eighth Amendment when they asserted a simple negligence claim at most"); Hope v. Warden York Cty. Prison, 972 F.3d 310, 329 (3d Cir. 2020) ("Deliberate indifference

Defendants argue that Maldonado's allegations are insufficient to state a claim because Maldonado was not incarcerated under conditions posing a substantial risk of serious harm. (ECF No. 22-1 at 5.) They contend that Maldonado alleges only that he told Defendants that he feared for his safety, but Maldonado does not allege who would attack him, when he would be attacked, how the attack might occur, and/or how Maldonado formed the belief that he was in danger. (Id. at 6.) According to Defendants, even if a substantial risk existed, Maldonado failed to allege plausibly that the Defendants knew or were aware of and disregarded an excessive risk to his health and safety. (Id. at 6-7.) They further argue that because Maldonado has not alleged that the Defendants were deliberately indifferent, he has not shown that the alleged indifference caused Maldonado's harm. (Id. at 7.)

In response, Maldonado contends that after he notified "staff" of his fear of being assaulted, "they denied [him] P/C and HABA due to . . . not knowing who was planning the assault." (ECF No. 26 at 1.) He claims that he has a right to "tak[e] P/C if [he] feared for [his] safety." (Id.) Defendants reply that Maldonado's inability to provide them with the name of the potential attacker demonstrates that Maldonado was not under a substantial risk of serious harm, that the Defendants were not deliberately indifferent to a substantial risk, or that their deliberate indifference caused Maldonado's harm. (See ECF No. 28 at 2.)

Maldonado's allegations are insufficient to state a plausible failure to protect claim against Defendants Wendling and Germer. Maldonado has failed to plead sufficient facts regarding the basis for his fear and how he formed the belief that he was in danger. He merely alleges that he was afraid that he would be attacked. Additionally, Maldonado has failed to allege sufficient facts

---

requires significantly more than negligence."); Harley v. Warren, No. 13-7656, 2017 WL 4422412, at *3 (D.N.J. Oct. 4, 2017) ("Negligent failure to prevent an attack by an inmate is insufficient to establish violation of the Eighth Amendment.").

regarding what he communicated to the Defendants, in order to evaluate whether they acted with deliberate indifference. Maldonado merely alleges that he asked to speak to someone regarding his fear of being attacked. Without details clarifying the relevant events that gave rise to the alleged failure to protect, Maldonado has not "nudged [his] claims across the line from conceivable to plausible." Twombly, 550 U.S. at 570; see also Iqbal, 556 U.S. at 678 ("Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." (internal quotations omitted)).

Accordingly, I will grant the motion to dismiss with respect to Maldonado's failure to protect claim against Defendants Wendling and Germer. I will dismiss this claim without prejudice, allowing Maldonado to reassert it in a Second Amended Complaint, to the extent he can allege facts sufficient to cure the defects noted above.

### B.    Official Capacity

Maldonado checked the box on the form Amended Complaint to indicate that he asserts his claim against Defendants Wendling and Germer pursuant to § 1983 in their official capacities, as well as in their individual capacities. (See Am. Compl. at 2.) Official capacity claims are indistinguishable from claims against the entity that employs the officials. See Kentucky v. Graham, 473 U.S. 159, 165-66 (1985) ("Official-capacity suits . . . 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'" (quoting Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658, 690 n.55 (1978)). "[A]n official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." Id. Thus, Maldonado's claim against Defendants in their official capacities is, in essence, a claim against Lancaster County.

To plead a basis for municipal liability under § 1983, a plaintiff must allege that the municipality's policy or custom caused the violation of his constitutional rights. Monell, 436 U.S. at 694. "To satisfy the pleading standard, [the plaintiff] must . . . specify what exactly that custom or policy was." McTernan v. City of York, PA, 564 F.3d 636, 658 (3d Cir. 2009). "'Policy is made when a decisionmaker possess[ing] final authority to establish municipal policy with respect to the action issues an official proclamation, policy, or edict.'" Estate of Roman v. City of Newark, 914 F.3d 789, 798 (3d Cir. 2019) (quoting Andrews v. City of Philadelphia, 895 F.2d 1469, 1480 (3d Cir. 1990)). "'Custom, on the other hand, can be proven by showing that a given course of conduct, although not specifically endorsed or authorized by law, is so well-settled and permanent as virtually to constitute law.'" Id. (quoting Bielevicz v. Dubinon, 915 F.2d 845, 850 (3d Cir. 1990)). It is not enough, however, to allege the existence of a policy or custom. "A plaintiff must also allege that the policy or custom was the 'proximate cause' of his injuries." Id. (citing Kneipp v. Tedder, 95 F.3d 1199, 1213 (3d Cir. 1996)). This can be done "by demonstrating an 'affirmative link' between the policy or custom and the particular constitutional violation" alleged. Id. (quoting Bielevicz, 915 F.2d at 850). Allegations that simply paraphrase the standard for municipal liability are too vague and generalized to support a plausible claim. See, e.g., Szerensci v. Shimshock, No. 20-1296, 2021 WL 4480172, at *7 (W.D. Pa. Sept. 30, 2021) ("Plaintiffs' conclusory allegation, which generally paraphrases the relevant standard, is insufficient to state a claim for § 1983 liability under Monell." (citing cases)).

To the extent Maldonado seeks damages from Defendants in their official capacities, he has failed to allege facts that support Monell liability. Indeed, Maldonado's Amended Complaint is silent on this issue. He has not pled a municipal policy or custom with respect to the alleged constitutional violations, that such policy or custom caused the constitutional violations, or

municipal failures amounting to deliberate indifference. Accordingly, any official capacity claim against Defendants Wendling and Germer are not plausible. The Motion to Dismiss will be granted as to Maldonado's official capacity claims.

**C.    Gross Negligence**

Defendants argue that any claim brought by Maldonado against Defendants Wendling and Germer based on allegations of gross negligence is barred by the provisions of Pennsylvania's Political Subdivision Tort Claims Act, 42 Pa. Cons. Stat. §§ 8541-50 ("PSTCA"). (See ECF No. 22-1 at 8-9.) I agree.

Under the PSTCA, a local agency and its employees are granted immunity from tort liability, with certain narrow exceptions.[6] The Act provides that a local agency is excepted from "liabil[ity] for any damages on account of any injury to a person or property caused by the act of the local agency or an employee thereof." 42 Pa. Cons. Stat. § 8541.28 The "defense of official immunity" applies to "[a]n employee of a local agency" sued in his or her individual capacity "only to the same extent as his employing local agency." Id. § 8545; Milbourne v. Baker, 2012 WL 1889148, at *5 (E.D. Pa. May 23, 2012) ("With respect to plaintiff's individual-capacity claim . . . the [PSTCA] states that employees of a local agency are entitled to the same immunity as their employer.") (citing § 8545).

However, the Act does not shield an employee against personal capacity claims where the employee has engaged in "a crime, actual fraud, or willful misconduct." See 42 Pa. Const. Stat. § 8550; see also McNeal v. City of Easton, 598 A.2d 638, 642 (Pa. Commw. Ct. 1991) (a "finding

---

[6]    The Act defines a local agency to which the immunity provision applies as a "government unit other than the Commonwealth government." See 42 Pa. Cons. Stat. § 8501. Although Lancaster County is not named as a Defendant in this case, it falls within the definition of local agency.

of 'willful misconduct' under § 8550 requires a party to have acted with even more than gross negligence or recklessness"); <u>Jackson v. City of Philadelphia</u>, No. 11-4643, 2015 WL 2070084, at *6 (E.D. Pa. May 4, 2015) ("Gross negligence or recklessness is insufficient to substantiate a finding of willful misconduct."); <u>Hernandez v. York County</u>, No. 06-1176, 2007 WL 4198017 (M.D. Pa. Nov. 26, 2007) (finding defendant immune under the PSTCA from claim of gross negligence), <u>aff'd</u>, 288 F. App'x 781 (3d Cir. 2008). The United States Court of Appeals for the Third Circuit has explained that "'willful misconduct' is synonymous with the term 'intentional tort.'" <u>Sanford v. Stiles</u>, 456 F.3d 298, 315 (3d Cir. 2006) (quoting <u>Renk v. City of Pittsburgh</u>, 641 A.2d 289, 293 (Pa. 1994)).

Thus, with respect to negligence specifically, the PSTCA effectively bars all negligence actions against counties and their employees, unless brought under one of the enumerated statutory exceptions.[7] The exceptions to immunity are to be "strictly and narrowly construed." <u>Hanna v. Lehigh County Dep't of Corr.</u>, No. 22-4305, 2024 WL 1259269, at *8 (E.D. Pa. Mar. 25, 2024) (citing <u>Sugalski v. Commonwealth</u>, 569 A.2d 1017, 1019 (Pa. Commw. Ct. 1990)). As none of the exceptions are applicable to the facts alleged, to the extent that Maldonado seeks to present a claim based on gross negligence against Defendants Wendling and Germer, Defendants' motion to dismiss will be granted and such claim will be dismissed.

---

[7]     The exceptions to immunity are: (1) vehicle liability, (2) care, custody or control of personal property, (3) real property, (4) trees, traffic controls and street lighting, (5) utility service facilities, (6) streets, (7) sidewalks, (8) care, custody or control of animals, and (9) sexual abuse. <u>See</u> 42 Pa. Const. Stat. § 8542(b).

**V.    CONCLUSION**

For the foregoing reasons, Defendants' motion to dismiss pursuant to Rule 12(b)(6) will be granted and the Amended Complaint will be dismissed without prejudice. Maldonado will be granted leave to file a Second Amended Complaint. An appropriate Order follows.