**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **CHRISTOPHER MALDONADO,** : | |
| Plaintiff, : | |
| : | |
| v. : | **CIVIL ACTION NO. 23-CV-4446** |
| : | |
| **SGT. JODI WENDLING,** *et al.*, : | |
| Defendants. : | |

**ORDER**

AND NOW, this 23rd day of July, 2024, upon consideration of the Motion to Dismiss filed by Defendants Sgt. Jodi Wendling and Sgt. Byron Germer (ECF No. 22) (the "Motion to Dismiss"), pro se Plaintiff Christopher Maldonado's Response thereto (ECF No. 26), Defendants' Reply (ECF No. 28), and Maldonado's supplemental response (ECF No. 29), it is **ORDERED** that:

1. The Clerk of Court is **DIRECTED** to **TERMINATE** the motion at ECF No. 29.

2. The Motion to Dismiss is **GRANTED** for the reasons stated in the Court's accompanying Memorandum.

3. The Complaint is **DISMISSED WITHOUT PREJUDICE** to Maldonado filing a second amended complaint as set forth in paragraph three (3) of this Order.

4. Maldonado may file a second amended complaint within thirty (30) days of the date of this Order. Any second amended complaint must identify all defendants in the caption in addition to identifying them in the body of the second amended complaint, and shall state the basis for Maldonado's claims against each defendant. The second amended complaint shall be a complete document that does not rely on the initial Complaint, Amended Complaint, or other papers filed in this case to state a claim. When drafting his second amended complaint, Maldonado

should be mindful of the Court's reasons for dismissing the claims in his Amended Complaint as explained in the Court's Memorandum.

5. The Clerk of Court is **DIRECTED** to send Maldonado a blank copy of the Court's form complaint for a prisoner filing a civil rights action bearing the above civil action number. Maldonado may use this form to file his second amended complaint if he chooses to do so.[1]

6. If Maldonado does not wish to amend his further amend his pleading and instead intends to stand on his Amended Complaint as originally pled, he may file a notice with the Court within thirty (30) days of the date of this Order stating that intent, at which time the Court will issue a final order dismissing the case. Any such notice should be titled "Notice to Stand on Amended Complaint," and shall include the civil action number for this case. See Weber v. McGrogan, 939 F.3d 232 (3d Cir. 2019) ("If the plaintiff does not desire to amend, he may file an appropriate notice with the district court asserting his intent to stand on the complaint, at which time an order to dismiss the action would be appropriate." (quoting Borelli v. City of Reading, 532 F.2d 950, 951 n.1 (3d Cir. 1976))); In re Westinghouse Sec. Litig., 90 F.3d 696, 703-04 (3d Cir. 1996) (holding "that the district court did not abuse its discretion when it dismissed with prejudice the otherwise viable claims . . . following plaintiffs' decision not to replead those claims" when the district court "expressly warned plaintiffs that failure to replead the remaining claims . . . would result in the dismissal of those claims").

7. If Maldonado fails to file any response to this Order, the Court will conclude that

---

[1] This form is available on the Court's website at http://www.paed.uscourts.gov/documents/forms/frmc1983f.pdf.

Maldonado intends to stand on his Amended Complaint and will issue a final order dismissing this case.[2] See Weber, 939 F.3d at 239-40 (explaining that a plaintiff's intent to stand on his complaint may be inferred from inaction after issuance of an order directing him to take action to cure a defective complaint).

**BY THE COURT:**

*/s/ Mitchell S. Goldberg*
**MITCHELL S. GOLDBERG, J.**

---

[2] The six-factor test announced in Poulis v. State Farm Fire & Casualty Co., 747 F.2d 863 (3d Cir. 1984), is inapplicable to dismissal orders based on a plaintiff's intention to stand on his complaint. See Weber, 939 F.3d at 241 & n.11 (treating the "stand on the complaint" doctrine as distinct from dismissals under Federal Rule of Civil Procedure 41(b) for failure to comply with a court order, which require assessment of the Poulis factors); see also Elansari v. Altria, 799 F. App'x 107, 108 n.1 (3d Cir. 2020) (per curiam). Indeed, an analysis under Poulis is not required when a plaintiff willfully abandons the case or makes adjudication impossible, as would be the case when a plaintiff opts not to amend his complaint, leaving the case without an operative pleading. See Dickens v. Danberg, 700 F. App'x 116, 118 (3d Cir. 2017) (per curiam) ("Where a plaintiff's conduct clearly indicates that he willfully intends to abandon the case, or where the plaintiff's behavior is so contumacious as to make adjudication of the case impossible, a balancing of the Poulis factors is not necessary."); Baker v. Accounts Receivables Mgmt., Inc., 292 F.R.D. 171, 175 (D.N.J. 2013) ("[T]he Court need not engage in an analysis of the six Poulis factors in cases where a party willfully abandons her case or otherwise makes adjudication of the matter impossible." (citing cases)).